FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA
2026 OCT -7 P 12: 18
VANIA S. ALLEN
CLERK
BY: DEPUTY CLERK

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 24-56592-sms<br>CHAPTER 7 |
| LaShaunda Jamecca Braden,<br>Kahlil J. Mohammad, | Judge Sage M. Sigler |
| Debtors. | CONTESTED MATTER |

## DEBTORS' OBJECTION AND RESPONSE TO PROGRESS RESIDENTIAL BORROWER 3, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY

Debtors LaShaunda Jamecca Braden and Kahlil J. Mohammad, appearing pro se, respectfully object and respond to Progress Residential Borrower 3, LLC's Motion for Relief from Automatic Stay (the "Motion"). Debtors dispute Movant's characterization of the matter as a simple, undisputed post-petition nonpayment default. The alleged arrearage arose during an ongoing dispute concerning serious water and mold-related conditions, the restoration of essential kitchen facilities, and Movant's repair obligations under the Lease and Georgia law. Debtors further possess dated money orders for the months Movant identifies as unpaid and are prepared to present the originals to the Court.

## FACTUAL BACKGROUND

1. Debtors reside at 2233 Serenity Dr NW, Acworth, Georgia 30101 (the "Premises") under a residential lease with Movant.

2. The renewal lease began January 19, 2026. It lists monthly base rent of $2,090.00, plus applicable monthly fees and utilities.

3. Movant alleges that Debtors are in default in the amount of $6,787.23 for July, August, and September 2026, including rent, utilities, and fees.

4. Before the alleged default, the Premises experienced significant water and mold-related damage affecting the kitchen. Cabinetry and surrounding areas were removed or disturbed, and plumbing, sink, dishwasher, and appliance connections required restoration.

5. Debtors notified Progress Residential of the condition and requested repairs. Progress Residential's own maintenance correspondence reflects a service request concerning a cabinet being reattached.

6. The Lease expressly places responsibility on Landlord, to the extent provided or owned by Landlord, to maintain, repair, or replace items including plumbing, the dishwasher, electrical systems, refrigerator, stove, microwave, and structural components, unless the damage was caused by Resident misuse or negligence.

7. The Lease further states that even if a resident is delinquent, Landlord's ability to defer repairs does not extend to emergencies or repairs affecting habitability.

8. The Lease also contains a Mold and Moisture Addendum requiring prompt written reporting of water intrusion, excess moisture, water damage, suspected mold, plumbing leaks, discoloration, overflows, and similar conditions.

9. When the necessary kitchen restoration was not completed in a timely manner, Debtors retained an outside contractor. The contractor invoice reflects $4,500.00 for restoration work, including $3,000.00 to reinstall kitchen cabinets, countertops, and backsplash, and $1,500.00 to reconnect plumbing and appliances.

10. Debtors possess money orders dated for each of the months identified by Movant as unpaid. Debtors preserved the monthly rent funds rather than spending them and are prepared to present the original money orders and purchase receipts to the Court.

11. Debtors therefore dispute the amount Movant claims is due and contend that the Court should consider the documented repair dispute, the Lease provisions, the $4,500.00 repair expense, and the preserved rent funds before granting relief from stay.

## ARGUMENT

### I. THE COURT MAY DENY, MODIFY, OR CONDITION RELIEF UNDER 11 U.S.C. § 362(d).

Section 362(d) authorizes the Court, after notice and a hearing, to grant relief from the automatic stay by terminating, annulling, modifying, or conditioning the stay when the statutory requirements are met. Movant relies primarily on alleged post-petition nonpayment and lack of adequate protection. Debtors submit that the circumstances support denial of immediate termination or, at minimum, conditioning the stay while the disputed repair-related issues and the proper amount due are addressed.

### II. THE LEASE AND GEORGIA LAW MAKE THE REPAIR DISPUTE MATERIAL.

The Lease assigns Movant responsibility for major systems implicated by the kitchen damage and specifically preserves repairs affecting habitability even when rent is delinquent. The Mold and Moisture Addendum likewise addresses water intrusion, excess moisture, mold, leaks, and related conditions. Georgia law provides that a landlord shall keep the premises in repair and that a residential rental agreement is deemed to include a provision that the premises are fit for human habitation. O.C.G.A. § 44-7-13(a)-(b). The current renewal lease falls within the statute's post-July 1, 2024 applicability.

Debtors do not contend that the existence of a repair dispute automatically eliminates all post-petition rent obligations. Rather, the repair history and the amount Debtors were required to spend restoring essential kitchen functions are directly relevant to whether Movant has shown sufficient cause for immediate, unconditional stay relief and to the amount actually in dispute.

### III. THE PRESERVED MONEY ORDERS SUPPORT A CONDITIONAL-STAY REMEDY RATHER THAN IMMEDIATE EVICTION RELIEF.

Debtors possess dated money orders corresponding to the months at issue. The Lease itself permits payment by money order. Although possession of a money order is not the same as proof that Movant received payment, the money orders demonstrate that Debtors preserved rent funds and can provide adequate protection as the Court directs. Debtors respectfully request that, if the Court determines additional protection is necessary, the Court allow tender or deposit of the undisputed post-

petition amount under appropriate conditions while preserving Debtors' repair-related defenses and claims.

## IV. MOVANT'S REQUEST TO WAIVE THE RULE 4001(a)(4) PERIOD SHOULD BE DENIED.

Movant asks the Court to waive or modify Federal Rule of Bankruptcy Procedure 4001(a)(4) so that it may proceed immediately with a dispossessory action. Rule 4001(a)(4) ordinarily stays an order granting relief from the automatic stay for 14 days after entry unless the Court orders otherwise. Given the documented repair dispute, the preserved rent funds, and the absence of any showing in the Motion that immediate execution is necessary to prevent a specific imminent harm, Debtors request that the Court deny the waiver request. If any stay relief is granted, Debtors request that the full Rule 4001(a)(4) period remain in effect.

## REQUEST FOR RELIEF

**WHEREFORE, Debtors respectfully request that the Court:**

1. deny Movant's Motion for Relief from Automatic Stay;
2. alternatively, continue or condition the automatic stay upon such tender, deposit, or adequate-protection terms as the Court finds appropriate rather than immediately terminating the stay;
3. permit Debtors to present the Lease, Mold and Moisture Addendum, repair communications, photographs, contractor invoice, and the July, August, and September 2026 money orders and receipts at the hearing;
4. deny Movant's request to waive or modify the 14-day period under Federal Rule of Bankruptcy Procedure 4001(a)(4);
5. preserve all claims and defenses of the parties concerning repairs, habitability, reimbursement, recoupment, setoff, and the proper amount due for determination as appropriate; and
6. grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 7th day of October, 2026.

[signature]
LaShaunda Jamecca Braden, Pro Se
2233 Serenity Dr NW
Acworth, GA 30101
Phone: 615-400-8631
Email: Lbraden01@gmail.com

[signature]
Kahlil J. Mohammad, Pro Se
2233 Serenity Dr NW
Acworth, GA 30101
Phone: 404-820-6832
Email: kahlil1946@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on the 7th day of October, 2026, I served a true and correct copy of the foregoing Debtors' Objection and Response to Progress Residential Borrower 3, LLC's Motion for Relief from Automatic Stay upon the following by United States Mail, first-class postage prepaid, and/or by any authorized electronic service method:

Matthew F. Totten
The Totten Firm, LLC
5579 Chamblee-Dunwoody Rd., Ste. B-136
Atlanta, GA 30338
Attorney for Movant

Cathy L. Scarver, Chapter 7 Trustee
P.O. Box 672587
Marietta, GA 30006

Office of the United States Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

LaShaunda Jamecca Braden / Kahlil J. Mohammad, Pro Se